UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-110** |
| **CHRISTOPHER ARANA** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Defendant Christopher Arana's *pro se* Motion for Reconsideration (Doc. 76) of this Court's Order on Motion for Credit for Time Served (Doc. 72), and Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (Doc. 83). For the following reasons, Defendant's Motion for Reconsideration is **DENIED**, and Defendant's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED**.

## BACKGROUND

On August 18, 2021, Defendant Christopher Arana pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to a term of 57 months of imprisonment. On January 3, 2023, Defendant filed a *pro se* Motion for Credit for Time Served, wherein he requested credit for time served at St. Tammany Parish Jail after his arrest by the New Orleans Police Department up until the

1

time of his rearraignment hearing.[1] This Court denied Defendant's Motion for Credit for Time Served and clarified that "Defendant is not to receive credit for time served in state custody."[2] This Court further instructed that Defendant's federal sentence is to run consecutively to any other sentence he has served with the State of Louisiana.[3]

Now before the Court are Defendant's *pro se* Motion for Reconsideration of this Court's Order on Motion for Credit for Time Served and Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255.

## LEGAL STANDARD

### 1. *Motion for Reconsideration*

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized them as a legitimate procedural device.[4] "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases."[5] Where a motion for reconsideration challenges a final judgment, it is treated as either a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or as a motion seeking relief from judgment under Rule 60(b).[6] Because a Rule 59(e) motion must be filed within 10 days from entry of judgment, and this Motion was filed almost 5 months after denial of Defendant's motion, the Court considers this a Rule 60(b)

---

[1] Doc. 70. At the time of his arrest, Defendant was released from state custody on parole.
[2] Doc. 71.
[3] *Id.*
[4] United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003).
[5] United States v. Evans, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018).
[6] United States v. Preston, No. 3:18-CR-307-K, 2020 WL 1819888, at *2 (N.D. Tex. Apr. 11, 2020) (citing Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

motion.[7] "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."[8]

### 2. *Motion to Vacate under 28 U.S.C. § 2255*

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[9] 28 U.S.C. § 2255(f) also provides a one-year limitation period for seeking relief, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[10]

If a defendant files beyond the one-year statute of limitations, his request for relief will be time-barred, absent application of equitable tolling.[11] A defendant is "entitled to equitable tolling" if he shows "(1) that he has been

---

[7] *See* Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (citing *Lavespere*, 910 F.2d at 173)).
[8] *Id.* (internal citations omitted).
[9] 28 U.S.C. § 2255(a).
[10] 28 U.S.C. § 2255(f).
[11] Holland v. Florida, 560 U.S. 631, 645 (2010).

3

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent a timely request for relief."[12] Further, a claim not raised on direct appeal generally may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[13]

## LAW AND ANALYSIS

### 1. *Motion for Reconsideration*

In his Motion for Reconsideration, Defendant rehashes evidence and arguments that were previously raised in his initial Motion for Credit for Time Served. The Court previously clarified that "Defendant is not to receive credit for time served in state custody."[14] This holding was not a manifest error of law or fact.[15]

To the extent that Defendant asks this Court to order the Bureau of Prisons to give him credit toward his federal sentence for time served, the Court is without authority to do so. "The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."[16] "Federal law 'does not authorize a district court to compute the

---

[12] *Id.* at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotations omitted).
[13] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).
[14] Doc. 71.
[15] Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (citing 18 U.S.C. § 3584(a)) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently.").
[16] Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003) (citing United States v. Wilson, 503 U.S. 329, 331–32, 334 (1992); 18 U.S.C. § 3585(b)).

credit at sentencing.'"[17] "Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision."[18]

Further, a prisoner must exhaust his administrative remedies prior to seeking judicial review of credits under 18 U.S.C. § 3585(b).[19] Once a prisoner exhausts his administrative remedies, the proper vehicle for challenging the BOP's decision is by filing a civil action under 28 U.S.C. § 2241.[20] Defendant has not shown that he has exhausted his administrative remedies, and he has also not filed a civil action under 28 U.S.C. § 2241. Accordingly, Defendant's motion must be denied.

### 2. *Motion to Vacate under 28 U.S.C. § 2255*

Before reaching the merits of Defendant's claims, the Court must determine whether he filed the Motion to Vacate within the one-year limitation period prescribed by 28 U.S.C. § 2255(f). In most cases, the one-year limitation period begins on the date the judgment of conviction becomes final. A conviction is final upon expiration of the 14-day period for filing a direct appeal. In this case, Defendant was sentenced on May 11, 2022,[21] so his conviction became final fourteen days later, on May 25, 2022, when he failed to file an appeal. Defendant filed his first Motion to Vacate under 28 U.S.C. § 2255 on January 19, 2024, over 20 months after the date on which his judgment became final.[22] Thus, Defendant's Motion is untimely, absent tolling of the limitation period.

---

[17] United States v. Aparicio, 963 F.3d 470, 477 (5th Cir. 2020) (quoting United States v. Wilson, 503 U.S. 329, 334 (1992)).
[18] *In re* United States Bureau of Prisons, Dep't of Just., 918 F.3d 431 (5th Cir. 2019).
[19] *See* United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).
[20] United States v. Lawless, No. 19-50, 2023 WL 7018570, at *1 (E.D. La. Oct. 25, 2023) (Africk, J.).
[21] Doc. 57.
[22] The Court notes that Defendant's first Motion to Vacate, filed January 19, 2024, was terminated as deficient. *See* Docs. 79, 80. Defendant refiled his Motion to Vacate on March

5

The ordinary limitation period may be tolled in four situations—(1) government action impeded the prisoner from filing his or her motion; (2) the prisoner asserts a constitutional right newly recognized by the Supreme Court and declared retroactive; (3) the factual predicate of the prisoner's claim could not have been discovered using due diligence; or (4) the petitioner is entitled to equitable tolling.[23]

Here, Defendant argues that the limitation period should be tolled because he now raises a "potential challenge to constitutional law changes" and because he has "new information."[24] First, the Court notes that the "new information" provided by Defendant is not in fact new, but rather, information that he believes was "glossed over by prosecution."[25] Even so, tolling requires that a defendant be unaware of the factual predicate underlying his claims. Defendant does not argue that this was the case; rather, Defendant has been aware of the facts that underlie his claims since the date of his arrest. Accordingly, tolling where "the factual predicate of the prisoner's claim could not have been discovered using due diligence" is inapplicable to this case.

The Court likewise finds Defendant's claim that he asserts a constitutional right newly recognized by the Supreme Court unpersuasive. Defendant argues that 18 U.S.C. §§ "922(g) and 924(a) are considered possibly unconstitutional, per recent legislation."[26] Defendant further avers that "many

---

4, 2024. Doc. 83. Regardless, Defendant filed his Motion to Vacate well-after the one-year limitation period prescribed by § 2255(f).

[23] 28 U.S.C. § 2255(f)(2)–(4); *Holland*, 560 U.S. at 645.

[24] Doc. 83 at 7–8.

[25] *Id.* at 8. This information was, however, included in the factual basis and Presentence Investigation Report, which were thoroughly reviewed and considered by this Court in fashioning an appropriate sentence. *See* Docs. 35 & 40.

[26] Doc. 83 at 4.

922(g) cases are now dismissed as unconstitutional."[27] He asserts that this is a "*Bruen* claim."[28]

In *New York State Rifle & Pistol Association v. Bruen*, the United States Supreme Court recently "abrogated the second step (the means-end scrutiny of the post-*Heller* two-step analysis[.]"[29] The Supreme Court therefore set forth a new test for determining whether a restriction violates the Second Amendment:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."[30]

In *United States v. Rahimi*, the Fifth Circuit recently applied this new standard to find that *Bruen* overturned precedent upholding the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits possession of a firearm by individuals subject to domestic violence restraining orders.[31] The court in Rahimi expressly recognized, however, that the petitioner was subject to a "civil proceeding" as opposed to being "a convicted felon or otherwise subject to another 'longstanding prohibition on the possession of firearms.'"[32]

---

[27] *Id.*

[28] *Id.* While Defendant cites *Bruen v. United States* to support this argument, the United States Supreme Court denied the petition for writ of certiorari in this entitled case. *See* Bruen v. United States, 519 U.S. 890 (1996). This Court therefore interprets Defendant's argument as citing to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), wherein the United States Supreme Court held that "New York's 'proper-cause' requirement violates the Fourteenth Amendment by preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to keep and bear arms in public for self-defense." *See N.Y. State Rifle & Pistol Ass'n*, 597 U.S. at 2.

[29] United States v. Thompson, 670 F. Supp. 3d 381, 385 (E.D. La. 2023).

[30] *Bruen*, 597 U.S. at 24 (quoting Konigsberg v. State Bar of Cal., 366 U.S. 36, 50 n.10 (1961)).

[31] United States v. Rahimi, 61 F.4th 443, 450 (5th Cir. 2023).

[32] *Id.* at 452.

Other sections of this Court have considered "whether 18 U.S.C. § 922(g)(1) violates the Second Amendment following *Bruen* and *Rahimi*."[33] Courts considering this issue have generally found that "*Bruen* did not disturb binding Fifth Circuit precedent regarding the constitutionality of 18 U.S.C. § 922(g)(1), and, even if it did, [district courts] lack the authority to overturn those decision on [their] own."[34]

This Court need not, however, consider the constitutionality of § 922(g)(1) post-*Bruen* because Defendant has failed to establish that *Bruen* applies retroactively to a criminal case on collateral review.[35] Indeed, the Supreme Court did not announce rule of retroactivity in *Bruen*. Accordingly, the one-year limitation period may not be tolled in this case for assertion of "a constitutional right newly recognized by the Supreme Court and declared retroactive."[36]

Lastly, Defendant fails to demonstrate that equitable tolling is warranted—*i.e.*, that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent a timely request for

---

[33] *See, e.g., id.* (Ashe, J.); United States v. Reed, No. 23-38, 2024 WL 196003 (E.D. La. Jan. 18, 2024) (Morgan, J.); United States v. Bazile, No. 23-34, 2023 WL 7112833 (E.D. La. Oct. 127, 2023) (Africk, J.).

[34] *Thompson*, 670 F. Supp. 3d at 387. Indeed, the Fifth Circuit has consistently upheld the constitutionality of § 922(g)(1). While the Fifth Circuit has "wielded its authority to overturn its own Second Amendment precedent" post-*Bruen* with respect to § 992(g)(8), which prohibits the possession of firearms by individuals subject to domestic violence restraining orders, the Fifth Circuit has not yet overturned its longstanding precedent with respect to § 922(g)(1). Instead, the Fifth Circuit recognized that § 922(g)(8) is meaningfully distinct from a Second Amendment restriction applied to "a convicted or [individual] otherwise subject to another 'longstanding prohibition[] on the possession of firearms.'" *See* United States v. Rahimi, 61 F.4th 443, 452 (5th Cir. 2023) (alteration in original) (quoting District of Columbia v. Heller, 554 U.S. 570, 626–27 (2008)).

[35] *See, e.g.*, Salley v. United States, No. 8:23-cv-556-MSS-AEP, 2023 WL 3568618, at *2 (M.D. Fla. May 18, 2023); *In re* Williams, No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022); Jackson v. United States, No. 3:22-CV-2748-L-BH, 2023 WL 4533381, at *2 (N.D. Tex. July 12, 2023). ]

[36] 28 U.S.C. § 2255(f)(3).

relief.[37] Because Defendant fails to provide any facts that this Court could interpret as warranting application of any statutory or equitable tolling of the limitation period set forth in § 2255, Defendant's Motion to Vacate under § 2255 is untimely and must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's *pro se* Motion for Reconsideration is **DENIED**, and Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 is **DENIED**.

New Orleans, Louisiana this 29th day of May, 2024.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[37] *Holland,* 560 U.S. at 645.